IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

TINA O.,[1]

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Civ. No. 1:19-cv-00380-CL

**OPINION AND ORDER**

MARK D. CLARKE, Magistrate Judge.

    Plaintiff Tina O. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying her claim for disability insurance benefits under Title II of the Social Security Act. For the reasons provided below, the

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

1 - Opinion and Order

Commissioner's decision is REVERSED and REMANDED[2] for further administrative proceedings.

## BACKGROUND[3]

Plaintiff was born November 21, 1971. Tr. 89. On December 11, 2014, she filed for disability insurance with an alleged onset date of August 29, 2013, and date last insured of March 31, 2017. Tr. 89. Plaintiff filed for disability following an injury at work that involved lifting pallets. Tr. 66. Plaintiff listed in her application for benefits a back injury and degenerative spondylosis as her reasons for claiming disability. Tr. 89. Plaintiff has provided numerous medical records relating to her back injury and treatment. After receiving epidural spinal injections that no longer relieved her pain, Plaintiff underwent a laminectomy and discectomy on her L5-S1 spinal region in May 2014. Tr. 525, 596. Unfortunately, surgery provided Plaintiff with only temporary pain relief. Several medical records show that Plaintiff continued to complain of back and leg pain following the surgery. On July 11, 2017, an MRI was administered which showed an L4-5 paracentral disc protrusion/annual tear encroaching upon the L4-5 nerve root. Tr. 871. Plaintiff claims that medical intervention has failed, and she continues to suffer from back pain that radiates down her leg. Despite her pain, Plaintiff has testified that she can perform tasks of daily living and possibly even light work, as long as she is permitted to lay down for approximately 15 to 20 minutes every hour. Tr. 70.

Plaintiff's claim for disability benefits was initially denied in April 2015, and again on reconsideration. Tr. 15. At Plaintiff's timely request, a hearing was held by video on September

---

[2] The parties have consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c)(1).
[3] The following recitation constitutes a summary of the pertinent evidence within the Administrative Record and does not reflect any independent finding of fact by the Court. Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record filed herein as Docket No. 18.

18, 2017. Tr. 59. A second hearing was held by video on March 21, 2018. Tr. 44. The Administrative Law Judge ("ALJ") issued an unfavorable decision on April 11, 2018. Tr. 15-26. Plaintiff filed a request for review by the Appeals Council, which was denied on January 16, 2019, making the ALJ's decision the final decision of the Commissioner. This appeal followed.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r. Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity"? 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds to the "residual functional capacity" ("RFC") assessment.

   a. The ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's RFC. This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954-55 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 954. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999) (internal citations omitted); *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the

claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 954-55; *Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

Applying the above analysis, the ALJ made the following findings:

1. Plaintiff meets the insured status requirements of the Social Security Act through March 31, 2018. Tr. 17.

2. Plaintiff has not engaged in substantial gainful activity since August 29, 2013, the alleged onset date. Tr. 17.

3. Plaintiff has the following severe impairments: lumbar spine degenerative disc disease; bilateral extensor policis brevis weakness; and fibromyalgia. Tr. 18.

4. Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. Tr. 19.

5. Plaintiff has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she can lift and carry objects that weigh up to 20 pounds occasionally and up to ten pounds frequently; standing and/or walking are limited to two hours each, and sitting is limited to six hours in an eight hour workday, with normal breaks. Plaintiff will require a cane as needed for ambulation or on uneven surfaces. She must be allowed to alternate sitting and standing as needed, while remaining on task. Plaintiff is limited to no more than occasional operation of foot controls on the left to no more than frequent operation of foot controls with the right. Plaintiff is limited to no more than occasional climbing of ramps or stairs and no climbing of ladders, ropes, or scaffolds. Plaintiff is limited to no more than occasional balancing, stooping, kneeling, crouching, and she must never crawl. Plaintiff is limited to no more than occasional bilateral reach in all directions. She is limited to no more than frequent bilateral handling, fingering, and feeling. She is limited to no more than occasional bilateral push/pull with the upper extremities. Plaintiff must avoid concentrated exposure to excessive vibration. She must avoid workplace hazards. Tr. 20.

6. Plaintiff is capable of performing past relevant work as a greeter and as an information clerk. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity. Tr. 24.

7. Plaintiff has not been under a disability, as defined in the Social Security Act, from August 29, 2013, through the date of this decision. Tr. 25.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "'Substantial evidence' means 'more than a mere scintilla but less than a preponderance,' or more clearly stated, 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

Where the evidence before the ALJ is subject to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Batson*, 359 F.3d at 1198 (citing *Andrews*, 53 F.3d at 1041). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock*, 879 F.2d at 501). Additionally, a reviewing court "cannot affirm the [Commissioner's] decision on a ground that the [Administration] did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citations omitted). Finally, a court may not reverse an ALJ's decision on account of an error that is harmless. *Id.* at 1055-56. "[T]he burden of showing that

an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968). Under sentence four of 42 U.S.C. § 405(g), the reviewing court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

## DISCUSSION

Plaintiff presents the following issues for review:

1. Did the ALJ properly evaluate Plaintiff's claim under step three of the disability analysis?

2. Did the ALJ properly evaluate Plaintiff's subjective symptom testimony?

3. Did the ALJ properly evaluate lay witness testimony?

4. Did the ALJ properly evaluate the medical source opinions in the record?

5. Was the ALJ's decision based upon flawed vocational expert testimony?

For the following reasons, this Court finds that the ALJ erred in evaluating Plaintiff's claim for disability benefits. Therefore, the Commissioner's decision is reversed.

**I.    The ALJ erred at step three of the disability analysis.**

Plaintiff argues that the ALJ erred in finding that Plaintiff's impairments relating to her spine did not meet Listing 1.04 for disorders of the spine. Under the five-step process of the disability analysis, the Agency determines at step three whether the claimant's impairment meets or equals one of the specific impairments described in the regulations. *See Lounsburry v.*

7 - Opinion and Order

*Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006). The claimant has the burden at step three to present evidence establishing that her impairment or combination of impairments meet or equal a listed impairment, and to meet a listing, the claimant must meet every specific medical finding required by that listing. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005); *Kennedy v. Colvin*, 738 F.3d 1172, 1174 (9th Cir. 2013). If an ALJ finds that a claimant's impairment meets or equals a listing, then the claimant is found per se disabled under the Social Security Act. *See* 20 C.F.R. §§ 404.1525-404.1526 & pt. 404, subpt. P, app. 1.

> The listing for lower back pain, Listing 1.04, requires in relevant part:
>
> A disorder of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> > A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)[.]

20 C.F.R. pt. 404, subpt. P, app. 1 § 1.04.

In this case, the ALJ found that the evidence in the record did not establish that Plaintiff had nerve root compression with neuro-anatomic distribution of pain, limitation of motion of the spine, or inability to ambulate effectively for short duration ambulation. Tr. 19. Plaintiff points to various medical findings in the record that are contrary to the ALJ's findings. *See* Tr. 871 (finding disc protrusion/annual tear encroaching upon the left L5 nerve root); Tr. 555-558 and 874 (finding back pain and bilateral lower extremity pain); Tr. 974 (limiting Plaintiff to twisting and turning of the trunk to occasional basis); Tr. 366, 387, 456, 950 (finding numbness in buttocks and extremities, difficulty with prolonged standing and walking). Plaintiff also suffers from fibromyalgia, which she claims adds to the overall pain she experiences.

The Ninth Circuit requires the ALJ to explain adequately her evaluation of alternative tests and the combined effects of the impairments in determining whether a claimant equals a listing under step three. *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1989). In this case, the ALJ did not explain how a medical finding of nerve root encroachment did not meet or equal the listing requirement of nerve compression. Instead, the ALJ simply stated that there was no evidence to support a finding of nerve root compression. Additionally, the ALJ did not discuss the combined effects of Plaintiff's fibromyalgia and back pain. Therefore, the Court finds that the ALJ committed harmful error by failing to explain how a medical finding of nerve root encroachment and the impacts of fibromyalgia in combination do not equal the requirements of a listing for disorders of the spine.

Where the Commissioner is in a better position than this Court to evaluate the evidence, remand is appropriate. *See McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). This Court remands this case to the Commissioner for proper consideration of step three equivalence in accordance with this opinion because he is in a better position to evaluate the medical evidence. On remand, if the Commissioner finds that Plaintiff's impairment or combination of impairments meets or equals Listing 1.04, Plaintiff is presumed to be disabled, and benefits should be awarded.

## II. The ALJ erred in evaluating Plaintiff's subjective symptom testimony.

When deciding whether to accept the subjective symptom testimony of a claimant, the ALJ must perform a two-stage analysis. In the first stage, the claimant must produce objective medical evidence of one or more impairments which could reasonably be expected to produce some degree of symptom. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The claimant is not required to show that the impairment could reasonably be expected to cause the

severity of the symptom, but only to show that it could reasonably have caused some degree of the symptom. *Id.*

In the second stage of the analysis, the ALJ must consider the intensity, persistence, and limiting effects of the alleged symptoms based on the entire record. SSR 16-3p at *7-8. The ALJ will consider the "[l]ocation, duration, frequency, and intensity of pain or other symptoms" reported by the claimant, any medical sources, and any non-medical sources. *Id.* The ALJ's decision must contain "specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." *Id.* Additionally, the evidence upon which the ALJ relies must be substantial. *See Reddick,* 157 F.3d at 724; *Holohan v. Massinari,* 246 F.3d 1195, 1208 (9th Cir. 2001); *Sullivan,* 947 F.2d 341, 345-46 (9th Cir. 1991). The ALJ must also "state specifically which symptom testimony" is being rejected and what facts lead to that conclusion. *Smolen v. Charter,* 80 F.3d 1273, 1284 (9th Cir. 2009) (citing *Dodrill,* 12 F.3d at 918). In rejecting claimant's testimony about the severity of her symptoms, the ALJ must give "specific, clear and convincing reasons for doing so." *Brown-Hunter v. Colvin,* 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Lingenfelter v. Astrue,* 504 F.3d 1029, 1036 (9th Cir. 2007)).

In this case, the ALJ failed to provide clear and convincing reasons for discounting Plaintiff's subjective symptom testimony. First, the ALJ discounted Plaintiff's testimony regarding the intensity, persistence, and limiting effects of her symptoms because the ALJ found them to be inconsistent with her "broad range of activities of daily living." Tr. 20. An ALJ may use activities of daily living to discredit a claimant's testimony where the activities (1) meet the threshold for transferable work skills or (2) contradict the claimant's testimony. *Orn,* 495 F.3d at

639. The range of activities cited by the ALJ that Plaintiff could accomplish included caring for her dog, housework, running errands, preparing meals daily, driving her car, and grocery shopping. Tr. 21. The ALJ found these activities to be inconsistent with a finding of total disability and contradicted by Plaintiff's statements that she needs help tying her shoes, uses a chair in the shower, and uses a cane for ambulation. Tr. 21. The Court does not find the daily activities cited by the ALJ to be inconsistent with Plaintiff's testimony. Plaintiff testified that she needs to lay down regularly to reduce pressure on her spine. Tr. 69, 70, 76, 318. She testified that she could work for eight hours in a day if she could find a job that allowed her to lay down once every hour for 15 to 20 minutes. Tr. 70. Plaintiff's ability to complete these activities is consistent with her testimony that she can perform tasks as long as she is able to rest between each activity. Plaintiff needing help tying her shoes is consistent with her testimony that she has difficulty bending. Moreover, the Court is not convinced that Plaintiff using a cane to walk or a chair in the shower contradicts her testimony regarding the severity of her symptoms. If anything, Plaintiff's use of a cane and shower chair supports that she has difficulty walking and standing for prolonged periods.

Second, the ALJ discounted Plaintiff's testimony by citing a note from a physical therapist that observed "self-limiting pain behavior" and "evidence of symptom magnification." Tr. 21-22. The Court finds this one medical record to be an outlier and not consistent with the majority of the medical evidence. The physical therapist that made this notation was involved in Plaintiff's workers compensation claim. Three months later, seemingly in response to the physical therapist's note, Plaintiff's treating physician, Dr. Kabin, wrote that "there is not marked evidence of secondary gain behavior as can be ascertained at this time." Tr. 739. One month after Dr. Kabin's note, another physician, Dr. Schifini affirmed that Plaintiff continued to

suffer from "intolerable back pain and bilateral lower extremity pain." Tr. 556. Therefore, the Court does not find this one physical therapist's note about magnified symptoms to be a clear and convincing reason to discount Plaintiff's testimony when the vast majority of the record supports Plaintiff's symptom testimony.

For these reasons, the Court finds that the ALJ failed to provide clear and convincing reasons for discounting Plaintiff's subjective symptom testimony.

### III. The ALJ erred in evaluating the lay witness testimony.

Plaintiff assigns error to the ALJ's treatment of lay witness testimony from Plaintiff's husband, Jerry O. An ALJ must consider statements provided by lay witnesses, and may reject them only for specific, germane reasons. *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009). Nevertheless, if an ALJ failed to provide such reasons, the error may be harmless where the ALJ has provided clear and convincing reasons to reject substantially similar symptom testimony provided by the claimant. *Molina*, 674 F.3d at 1122.

Here, the ALJ accepted the statements from Plaintiff's husband for the reason that he regularly sees and speaks with Plaintiff and is in a good position to observe Plaintiff's daily functioning. Tr. 24. However, the ALJ gave his statements "less weight than the opinions of medical professionals, who provide care specifically for the claimant's medical problems and whose opinions are more objective and reflect their professional expertise." Tr. 24. The Court does not find this reasoning to be a specific or germane reason to discount lay witness testimony. The Ninth Circuit has held that a lack of support from the "overall medical evidence" is not a germane reason to give less weight to lay witness testimony. *Deidrich v. Berryhill*, 874 F3d 634, 640 (9th Cir. 2017). The fact that lay testimony may offer a different perspective than medical records alone is precisely why such evidence is valuable at a hearing. Stating that a lay witness's

statement gets less weight because the person is not a doctor is simply not a valid reason to discount lay testimony.

### IV. The ALJ did not err in evaluating the medical opinion of examining physician, Dr. Nolan.

An ALJ must consider the acceptable medical source opinions of record and assign weight to each. 20 C.F.R. §§ 404.1527(c), 416.927(c). In this respect, an ALJ is responsible for resolving conflicts and ambiguities in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). To reject the contradicted opinion of a treating or examining physician, the ALJ must provide specific and legitimate reasons for doing so. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The opinion of a non-examining medical consultant alone does not constitute substantial evidence sufficient to reject the opinion of a treating or examining physician. *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999). "An ALJ can satisfy the substantial evidence requirement by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison*, 759 F.3d at 1012 (citing *Reddick*, 157 F.3d at 725). Here, Plaintiff assigns error to the ALJ's evaluation of examining physician, Dr. Raymond Nolan.

On this issue, the Court finds that the ALJ provided specific and legitimate reasons for giving Dr. Nolan's medical opinion "moderate weight." The ALJ found Dr. Nolan's recommended limitations to be too restrictive, particularly in limiting Plaintiff to standing or walking only ten minutes at a time, because Plaintiff herself stated during the examination that she can walk for 30 minutes at a time. Tr. 23. The ALJ also found that Dr. Nolan's finding of a normal gait was inconsistent with limiting Plaintiff to standing for no more than one of eight hours and walking for no more than one of eight hours. Tr. 23. The ALJ's reasoning for assigning Dr. Nolan's opinion moderate weight is specific, legitimate, and supported by

13 - Opinion and Order

Plaintiff's testimony that she can work an eight-hour workday as long as she is able to rest once every hour for 15 to 20 minutes. Tr. 70. Therefore, the Court does not find legal error in the ALJ's consideration of Dr. Nolan's medical opinion and does not remand for further proceedings on this issue.

## V.     The vocational expert testimony was flawed and must be reconsidered.

Plaintiff argues that all of the jobs proposed by the VE at Plaintiff's hearing are flawed. The VE found that Plaintiff could perform her past jobs of greeter and information clerk. Plaintiff argues that the DOT number paired with these job titles as written by the ALJ and stated by the VE were incorrect or did not match what is listed in the Addendum of the Dictionary of Occupational Titles. Moreover, Plaintiff argues that the job of greeter/information clerk exceeded the limitations in Plaintiff's RFC because the job requires frequent reaching and the ALJ limited Plaintiff to occasional reaching in all directions. Further, at step five, the ALJ found that Plaintiff could perform the job of addresser, which also requires frequent reaching. The ALJ committed clear error by finding that Plaintiff could perform jobs inconsistent with the limitations set in Plaintiff's RFC.

Upon remand and after reassessment of the ALJ's step three findings, Plaintiff's subjective symptom testimony, and lay witness testimony, the Commissioner is ordered reevaluate the VE testimony if necessary. If the Commissioner finds that Plaintiff is capable of performing work, then the Commissioner must ensure that those jobs are listed with the correct corresponding DOT number and that the job requirements are consistent with the limitations set in Plaintiff's RFC.

## ORDER

Based on the foregoing, the decision of the Commissioner is REVERSED and REMANDED for further proceedings in accordance with this opinion.

Upon remand, the Commissioner is ordered to consider whether to issue a decision ordering payment of benefits in light of the evidence, or to order further proceedings. If the Commissioner determines that further proceedings are needed to conduct proper fact finding, then the Commissioner is ordered to instruct an ALJ to reconsider the entirety of the medical evidence, re-evaluate Plaintiff's subjective complaints, the lay witness testimony, and consider whether Plaintiff's impairment or combination of impairments meets or equals Listing 1.04.

It is so ORDERED and DATED this __3__ day of March, 2021.

MARK D. CLARKE
United States Magistrate Judge